(Page 1 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 3:16-cv-00153-SRU   Document 1-2   Filed 02/01/16   Page 1 of 12

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



See other side for instructions

[ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
[X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
[ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1061 Main Street, Bridgeport 06604 | ( 203 ) 579-6527 | February 2, 2016 |

| [X] Judicial District [ ] Housing Session | [ ] G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) Fairfield | Case type code *(See list on page 2)* Major: C  Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*
Vincent P. Larobina   113 Grove Street   Stamford, Ct 06905

Juris number *(to be entered by attorney only)*

Telephone number *(with area code)*
( 203 ) 325-2004

Signature of Plaintiff *(if self-represented)*

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   [ ] Yes  [X] No

Email address for delivery of papers under Section 10-13 *(if agreed to)*

Number of Plaintiffs:        Number of Defendants:        [ ] Form JD-CV-2 attached for additional parties

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Address: Larobina, Vincent P.   113 Grove Street   Stamford, Connecticut | P-01 |
| Additional Plaintiff | Name: Address: | P-02 |
| First Defendant | Name: Address: Citibank, N. A.   701 East 60th Street North   Sioux Falls, South Dakota 57104 | D-01 |
| Additional Defendant | Name: Address: Lustig, Glaser & Wilson, PC   245 Winter St #300   Waltham, Massachusetts 02451 | D-02 |
| Additional Defendant | Name: Address: | D-03 |
| Additional Defendant | Name: Address: | D-04 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | [ ] Commissioner of the Superior Court [X] Assistant Clerk | Name of Person Signing at Left  Robert A. Unrock | Date signed  12/31/15 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY
ATTEST:
ROBERT M. WOLFE
CONNECTICUT STATE MARSHAL
FAIRFIELD COUNTY

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date 2/23/15 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: FEBRUARY 2, 2016 | SUPERIOR COURT |
| VINCENT P. LAROBINA | |
| V. | J.D. OF FAIRFIELD |
| LUSTIG, GLASER & WILSON, PC | |
| CITIBANK, N. A. | DECEMBER 23, 2015 |

## COMPLAINT

### COUNT ONE

1.  The plaintiff, Vincent P. Larobina ("Larobina"), resides at 113 Grove Street Stamford, Connecticut 06901.

2.  On information and belief, Defendant, Citibank N.A (" Citibank "), is a diversified financial company headquartered at 701 East 60th Street North Sioux Falls, South Dakota 57104. Citibank, in operating a business in Connecticut, engages in trade and/or commerce as defined in the Connecticut Unfair Trade Practices Act, **Conn. Gen. Stat. §42-110a(3) and §42-110a(4)**, (the "CUTPA").

3.  On Information and belief, Lustig, Glaser and Wilson, P.C. ( "Lustig") , is a law firm and/or debt collection company located at 245 Winter St #300, Waltham, Massachusetts 02451.Lustig, in operating a business in Connecticut, engages in trade and/or commerce as defined in the Connecticut Unfair Trade Practices Act, **Conn. Gen. Stat. §42-110a(3) and §42-110a(4)**, (the "CUTPA").

1

4.  On or about January 13, 2011, the plaintiff received a letter from the law firm of Solomon and Solomon ("Solomon"), in which letter Solomon indicated that it represented Citibank. The letter further indicated that Citibank claimed that the plaintiff owed Citibank a past due credit card debt ("Debt") allegedly incurred between 2000-2009.

5.  On or about February 7, 2011, pursuant to the relevant sections of the <u>Fair Debt Collection Practices Act</u> [**"FDCPA" - 15 U.S. Code § 1692g (b)**] and <u>Connecticut's Creditor Collections Practices Act</u> [**"CCPA" §36a-647-5** - <u>Connecticut Banking Regs</u>. **§36a-647-5 (14)**], the plaintiff responded to the Solomon letter and requested verification of the Debt, as well as any contract and arbitration agreement upon which Citibank based its claim against the plaintiff.

6.  Neither Solomon nor Citibank replied to the plaintiff's request for verification.

7.  Four years later, on or about January 3, 2015, the plaintiff received a dunning letter from Defendant Lustig indicating that it represented Citibank (in lieu of Solomon) relative to the subject Debt. The letter requested payment of the Debt. The dunning letter was written on Lustig's letterhead (i.e. Lustig, Glaser & Wilson, P.C.), and signed "Lustig, Glaser, & Wilson, P. C.."

7.  Thereafter, on or about January 16, 2015, the plaintiff received a second dunning letter from Lustig. This second letter contained an enclosure captioned: "Financial Statement," and a notation: "Please see reverse side for Financial Statement. Complete & Return." The Financial Statement sought personal financial information, such as: Social Security Number, Driver's License; Dependents; Employer; Income; Expenses; Assets and other personal financial information. The Financial Statement referenced an existing

2

"claim." The collection letter was written on Lustig's letterhead (i.e. Lustig, Glaser & Wilson, P.C.), and signed "Lustig, Glaser, & Wilson, P. C.."

8. On or about January 26, 2015, the plaintiff, pursuant to FDCPA **15 U.S.C.§1692g (b)** and CCPA **§36a-647-5 (14)**, replied to both of the afore-mentioned Lustig letters requesting verification of the Debt. The plaintiff additionally requested a copy of the contract upon which Citibank based its request for payment of the Debt.

9. On or about October 30, 2015, the plaintiff received a reply to his January 26, 2015 letter from Lustig. In response to plaintiff's request for validation of the debt, Citibank supplied account statements from September 2009 through October 2010, though Citibank claims the account was opened in 2001. Additionally, Citibank did not forward a copy of the contract that purportedly occasioned the Debt, as requested by the plaintiff.

11. Based on the foregoing, Defendant Citibank, as a creditor, has violated the CCPA as follows:

A. Violating **§36a-647-5 (14)** by:

1. failing to validate the Debt for the period from February 7, 2011 through October 29, 2015, despite due demand; and/or

2. providing incomplete information on October 29, 2015, which information was insufficient, and thereby, did not serve to validate the Debt; and/or

3. failing to produce the contract, addendums and amendments to the agreement that underlie the purported debt, despite due demand; and/or

4. failing to produce the necessary documentation by which the plaintiff could

3

(Page 8 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 3:16-cv-00153-SRU   Document 1-2   Filed 02/01/16   Page 5 of 12

ascertain whether or not Citibank was in compliance with **§36a-647-5 (7)** ; *and/or*

B. Violating **§36a-647-5 (7)** by:

1. alleging the plaintiff owed Citibank an amount above the principal not authorized by the contract or permitted by law; and/or

C. Violating **§36a-647-6 (3)** by:

1. issuing the above referenced letter dated January 12, 2015 from law firm, Lustig; and/or

D. Violating **§36a-647-6 (11)** by:

1. issuing the form "Financial Statement" referenced above, which form requested an exhaustive disclosure of plaintiff's private financial information, including his available assets; thereby, deceptively attempting to garner personal information.

By its actions aforesaid, Citibank has proceeded in an abusive and oppressive fashion, and thereby, it has violated the CCPA, from which the plaintiff has suffered harm.

## COUNT TWO

1-10. Paragraphs 1-10 of Count One are restated here.

11. Pursuant to the above, Defendant law firm Lustig, by issuing the above referenced letter dated January 12, 2015 with the "Financial Statement" attachment, has violated the FDCPA as follows:

A. Violating **15 U.S.C.§1692e(3)**

1. by using Lustig's law firm's letterhead and imprinting "Lustig, Glaser & Wilson,

4

(Page 9 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 3:16-cv-00153-SRU Document 1-2 Filed 02/01/16 Page 6 of 12

PC" at the end of the communication, for the purpose of making the false representation or implication that the communication was from an attorney; and/or

    B. Violating **_15 U.S.C.§1692e(10)_**

    1. by requesting that the plaintiff "complete and return" the form "Financial Statement", which form requested an exhaustive disclosure of plaintiff's private financial information, including his available assets; and/or

    2. by indicating ostensibly that the financial information provided by the plaintiff would be utilized for the purpose of arriving at a payment arrangement, when a primary purpose was improper litigation discovery designed to discover plaintiff's "assets" in the event of a judgment; and/or

    3. by indicating on the form that "a claim" exists, where there was no existing claim; and/or

    C. Violating **_15 U.S.C.§1692g(b)_**

    1. by issuing this communication when the plaintiff had already disputed the Debt on February 7, 2011 in the above-referenced letter to Solomon and Solomon, the effect of which disputation was not extinguished merely because Citibank switched counsel. The only permissible communication that Lustig could have lawfully issued to the plaintiff would have been a debt verification letter, whereupon it could have continued its collection activities; and/or

    2. by issuing its communication of January 12, 2015 inside of 30 days of its prior communication on December 29, 2014, wherein the January 2015 communication was

5

(Page 10 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)
Case 3:16-cv-00153-SRU   Document 1-2   Filed 02/01/16   Page 7 of 12

inconsistent with, and over-shadowed, the original disclosure regarding the plaintiff's right to dispute the Debt.

12. By actions aforesaid, Lustig has violated the FDCPA from which the plaintiff has been harmed.

**COUNT THREE**

1-11. Paragraphs 1-11 of Count One are restated here.

12. Relative to the Debt, a written contract exists between Citibank and the plaintiff.

13. The contract has been unilaterally amended a number of times by Citibank, altering Material terms of the contract such as interest rates, fees, charges and manner of payment.

14. On information and belief, an Arbitration Clause is part of the contract.

15. On information and belief, the contract sets forth the jurisdictional law that governs the dispute.

16. On information and belief, the contract provides that the plaintiff has a right to receive copies of his statements, upon request; which request has been formally made.

17. As aforesaid, in February 2011, the plaintiff issued a written request to Citibank for a copy of the agreement between the parties. However, Citibank has failed, neglected and/or refused to provide the same. Thereafter, as stated above, the plaintiff renewed his request for the contract in reply to the Lustig letter of December 29, 2015. But, Citibank continues its refusal to comply with the demand.

18. By refusing to provide the plaintiff with a copy of the parties' contract, its arbitration provision and the electronic account ledger (statements), Citibank has breached the covenant of good faith and fair dealing implicit in the contract. Citibank's five (5) year non-compliance with plaintiff's request for documentation prejudices the plaintiff and deprives him, not only of the benefit of the terms of the contract, but of essential contractual information necessary to respond to, and defend against, Citibank's claims. As such, Citibank's conduct is malicious, unreasonable and unfair; and, constitutes bad faith dealing.

19. By actions aforesaid, Citibank has breached the covenant of good faith and fair dealing, from which the plaintiff has been harmed.

### COUNT FOUR

1-18. Paragraphs 1-18 of Count Three are restated here.

19. Having passed this matter onto its law firm (Lustig), Citibank is preparing to litigate against the plaintiff.

20. Citibank is well aware that the plaintiff requires the contract, its amendments, ita arbitration clause and the account's electronic ledger not only to defend his interests in the event of imminent litigation, but to effectively respond to Citibank's claim that the Debt is due.

21. Likewise, Lustig is also well aware of the fact that the plaintiff requires the aforesaid information in order to provide a knowledgeable response to Citibank's claim, as well as to defend against the imminent litigation.

(Page 13 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 3:16-cv-00153-SRU   Document 1-2   Filed 02/01/16   Page 9 of 12

22.   Citibank is plaintiff's creditor, and Lustig is its agent. But, despite due demand for the above referenced contract information, Citibank and Lustig refuse to comply with plaintiff's request in derogation of the parties' contract.

23.   Lustig and Citibank fraudulently attempt to justify their refusal to comply with plaintiff's request for information by invoking debt collection law, where Lustig and Citibank know full well that plaintiff's requests are governed by contract law.

24.   By refusing to provide the plaintiff with the requested contract information, Citibank and Lustig have conspired to fraudulently conceal from the plaintiff information essential to his defense against Citibank's claims. The purpose of the concealment is to leverage the plaintiff into the payment of the contested Debt and/or to conceal the contract's arbitration provision from plaintiff.

25.   From this conspiracy to effect a fraudulent concealment, the plaintiff has been harmed.

**COUNT FIVE**

1-18.   Paragraphs 1-18 of Count Three are restated here.

19-24.   Paragraphs 19-24 of Count Four are restated here.

25.   Based on its actions in violating the CCPA, breaching the covenant of fair dealing and/or conspiring to conceal contractual information from the plaintiff, Citibank is engaging in a deceptive, unethical and unfair business practice in order to collect on the Debt in violation of the CUTPA.

26.   As a consequence of Citibank's violation of CUTPA, the plaintiff has been damaged.

(Page 15 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 3:16-cv-00153-SRU Document 1-2 Filed 02/01/16 Page 10 of 12

## COUNT SIX

1-11.   Paragraphs 1-11 of Count Two are restated here.

12-17.   Paragraphs 19-24 of Count Four are restated here.

18.   Based on its actions in (1) violating the FDCPA, (2) deceptively blurring the lines between its entrepreneurial activities as collection agency and attorneys at law, (3) deceptively attempting to extract personal financial information from consumers by the issuance of the afore-mentioned "financial statement", (4) falsely asserting that a claim existed against the consumer, (5) conspiring with Citibank to deprive the plaintiff of (a) contract information, (b) copies of his account statements, (c) the parties' arbitration clause, (d) the plaintiff's right to arbitrate- all for the purpose of depriving the plaintiff of available defenses to Citibank's claim and imminent litigation, Defendant Lustig has engaged in a business practice that is deceptive, unethical, immoral and unfair.

19.   The plaintiff, and those similarly situated, have been harmed by the conduct of debt collector/ attorney Lustig in its violation by CUTPA.

9

(Page 17 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 3:16-cv-00153-SRU   Document 1-2   Filed 02/01/16   Page 11 of 12

**WHEREFORE**, the Plaintiff respectfully claims:

### AS TO ALL COUNTS

1. Monetary damages;

2. Compensatory Damages;

2. General Damages;

3. Discretionary Damages;

4. Interest;

5. Statutory Interest;

6. Costs and fees;

7. A Court Order requiring Citibank to deliver to the plaintiff a copy of the parties' original contract, its amendments and the complete accounting history of the Debt; and,

7. All other damages which in equity may appertain

### AS TO COUNT THE CUTPA COUNTS:

1. The damages asserted above as to all counts;

2. Nominal damages;

3. CUTPA punitive damages;

4. An order of referral to Connecticut's Attorney General.

Vincent P. Larobina
113 Grove Street
Stamford, Connecticut 06901
203-325-2004

10

(Page 18 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 3:16-cv-00153-SRU   Document 1-2   Filed 02/01/16   Page 12 of 12

R.M. Wolfe, State Marsh
PMB162 1127 High Ridg
Stamford, CT 06905



CERTIFIED MAIL

7015 0640 0003 3335 8901

CPU U.S. POSTAGE
$7.18⁰
PB 1P 000
3661269    MAILED  DEC 28 2015
FCML                06905



Citibank NA
Corporate Secretary
701 East 60th Street North
Sioux Falls, SD 57104