UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VINCENT P. LAROBINA,
    Plaintiff,

v.

CITIBANK, N.A., *et al.*,
    Defendants.

No. 3:16-cv-153 (SRU)

## ORDER

The *pro se* plaintiff, Vincent Larobina, filed a complaint against the defendants, Citibank, N.A. ("Citibank") and Lustig, Glaser & Wilson ("LGW"), alleging various state and federal claims arising from the defendants' attempt to collect on an alleged consumer debt. (doc. 1-2) On February 1, 2016, Citibank filed a notice of removal with the consent of LGW. (docs. 1, 1-3) A corrected notice was filed on February 2, 2016. (doc. 7) On February 26, 2016, Larobina filed a motion to remand the case back to state court. (doc. 20) For the following reasons, Larobina's motion is **denied.**

### I.  Background

Larobina's state complaint is dated December 23, 2015. (doc. 1-2) On December 26, 2015, Robert M. Wolfe, a state marshal in Fairfield County, attests that he sent copies of the complaint and summons by certified mail, return requested, to Citibank's Corporate Secretary and to LGW's Corporate Secretary. Pl.'s Br., Ex. 1. December 26, 2015 was a Saturday.

The tracking number for the summons and complaint sent to Citibank indicates that the package was accepted by the U.S. Postal Service on December 28, 2015 and delivered on January 11, 2016. LGW Opp'n Br., Ex. A. A copy of the envelope sent to Citibank that was apparently included with the state-court complaint also indicates that it was mailed on December

28, 2015. (doc. 1-2) The tracking number for the summons and complaint sent to LGW indicates that the package was accepted by the U.S. Postal Service on December 28, 2015 and delivered on January 7, 2016. LGW Opp'n Br., Exs. B, C.

On January 21, 2016, Larobina filed his complaint in Connecticut Superior Court for Fairfield County. LGW Opp'n Br., Ex. D. On February 1, 2016, Citibank filed a notice of removal with the consent of LGW. (docs. 1, 1-3) In the signature line, Citibank's counsel, David Bizar, incorrectly stated that he was acting on behalf of Wells Fargo Bank. A corrected notice was filed on February 2, 2016. (doc. 7) On February 26, 2016, Larobina filed the instant motion to remand. (doc. 20)

## II.     Discussion

Larobina argues that (1) the notice of removal was not timely filed; and (2) removal is not proper because there are no federal claims asserted against Citibank. Alternatively, he asks me to sever the state-law claims and retain jurisdiction only over the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), claim against LGW, the sole federal claim alleged in the complaint.

Removal from State Court to Federal Court is proper under 28 U.S.C. § 1441 in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Section 1446(b) states that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Larobina argues that the requirements of section 1446(b) have not been met because the defendants are deemed to have been effectively served five days after the summons and complaint were placed in the mail to them under state law. Pl.'s Br. at 3–4 (quoting Conn. Gen. Stat. § 33-929(d)). But, as Judge Haight pointed out in a substantially similar case involving New York law, state rules for effecting service do not start the removal clock:

> The boundaries of the removal jurisdiction of the federal courts are determined by federal laws, not state laws and procedures. *See, e.g.*, *Universal Motors Group v. Wilkerson*, 674 F. Supp. 1108 (S.D.N.Y. 1987) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). The critical moment under 28 U.S.C. § 1446(b) is when a defendant *receives* the initial pleadings. Service of process may, as the language of the statute, quoted above, points out, be synchronous with receipt. As is demonstrated by the facts of this case, it also may not.

*Grello v. J.C. Penny Corp.*, No. 03 CIV. 8245(CSH), 2003 WL 22772397, at *1 (S.D.N.Y. Nov. 21, 2003) (emphasis in original); *see also Medina v. Wal-Mart Stores, Inc.*, 945 F. Supp. 519, 520 (W.D.N.Y. 1996) ("A strict reading of the statute supports the position that the thirty-day period does not begin to run until the defendant actually receives a copy of the pleadings."). In the present case, LGW has made a sufficient showing that the defendants did not receive the pleadings until January 7 and January 11, respectively.[1] Accordingly, neither the February 1 nor the corrected February 2 notice was untimely.

Larobina also argues that removal is improper with respect to Citibank because he has not alleged any federal causes of action against that defendant. Larobina has alleged violations of the FDCPA against LGW, which both confers federal jurisdiction and allows me to exercise supplemental jurisdiction over "all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.

---

[1] The party who seeks to invoke a court's jurisdiction bears the burden of establishing that jurisdiction. *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). And Larobina has not rebutted LGW's credible claim that neither defendant received the documents before January 7.

§ 1367. "A state law claim forms part of the same controversy if it and the federal claim derive from a common nucleus of operative fact." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (internal quotation marks and citation omitted). Larobina's state and federal law claims are founded on exactly the same set of facts. Declining to exercise jurisdiction over the state law claims would needlessly multiply these proceedings and waste judicial and party resources. Accordingly, I decline to sever the state-law claims, and will instead exercise jurisdiction over both defendants and all claims in the complaint.

### III.   Conclusion

Larobina's motion to remand (doc. 20) is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 10th day of March 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge